**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Garnica-Hernandez, | No. CV 09-2637-PHX-DGC (LOA) |
| Petitioner, | **ORDER** |
| vs. | |
| Katrina Kane, et al., | |
| Respondents. | |

Petitioner Jaime Garnica-Hernandez, who is represented by counsel, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition will be dismissed with leave to file an amended petition.

Petitioner is a native and citizen of Mexico who has resided in the United States since 1995. Petitioner alleges that "he apparently involuntarily signed a waiver of his right to see an immigration judge." Petitioner further alleges that he was placed on a Government bus "to be driven to the US-Mexican border with an expected arrival time of 10:00 pm" on December 18, 2009.[*] Petitioner asserts that he is not under a final order of removal and that his summary removal will deprive him of his statutory right to a hearing before an

---

[*] The Petition for Writ of Habeas Corpus was filed at 5:03 p.m. on December 18, 2009. Petitioner did not file a motion seeking a stay of removal.

immigration judge. He seeks an order compelling Respondents to return him to the United States.

According to Petitioner, he was to be removed from the United States on the same day his Petition was filed. "Immigrants who have already been removed . . . do not satisfy the 'in custody' requirement of habeas corpus jurisdiction." Miranda v. Reno, 238 F.3d 1156, 1159 (9th Cir. 2001). But if a Petitioner is "in custody" when the petition for writ of habeas corpus is filed, his subsequent removal from the United States does not render the petition moot where there are sufficient collateral consequences arising from and separate from the allegedly wrongful removal itself. Zegarra-Gomez v. INS, 314 F.3d 1124, 1126-27 (9th Cir. 2003). An administrative determination that the alien is an "aggravated felon" gives rise to sufficient collateral consequences because it prevents the alien from seeking to return to the United States for twenty years. Id. at 1127; see also Ferreira v. Ashcroft, 382 F.3d 1045 (9th Cir. 2004). Collateral consequences, however, "'cannot be presumed.'" Zegarra-Gomez, 314 F.3d at 1126 (quoting Spencer v Kemna, 523 U.S. 1, 14 (1998)).

Because Petitioner does not allege that he has suffered any collateral consequences that may be cured by this Petition, see Abdala v. INS, 488 F.3d 1061, 1064 (9th Cir. 2007) ("for a habeas petition to continue to present a live controversy after the petitioner's . . . deportation . . . there must be some remaining 'collateral consequence' that may be redressed by success on the petition"), the Petition will be dismissed with leave to file an amended petition. The amended petition must identify specific collateral consequences caused by, but separate from, his removal from the United States. If Petitioner cannot identify sufficient collateral consequences arising from his allegedly wrongful removal, the Court will dismiss the action as moot. The Clerk will be directed to enter a judgment of dismissal of this action if Petitioner fails to timely file an amended petition correcting the deficiencies identified in this Order.

**IT IS ORDERED** that he Petition (Doc. #1) is **dismissed** with leave to amend. Petitioner must file an amended petition within 30 days of the date this Order is filed.

**IT IS FURTHER ORDERED** that the Clerk of Court must enter a judgment of dismissal of this action, without prejudice and without further notice to Petitioner, if Petitioner fails to file an amended petition within 30 days of the date this Order is filed.

DATED this 13th day of April, 2010.

_____
David G. Campbell
United States District Judge